**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NOV 1 5 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**JAMIE THOMAS and ARGUSTER WILLIAMS,**                          **PLAINTIFFS**
**Individually and on Behalf of**
**All Others Similarly Situated**

vs.                                    No. 3:19-cv-330-DPM

**VISKASE COMPANIES, INC.**                                       **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Jamie Thomas and Arguster Williams, individually and on

behalf of all others similarly situated, by and through their attorneys Sean Short and Josh

Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Class and Collective

Action against Defendant Viskase Companies, Inc., they do hereby state and allege as

follows:

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Deere_

### I. PRELIMINARY STATEMENTS

1.      This is a class action and a collective action brought by Plaintiffs Jamie

Thomas and Arguster Williams (collectively "Plaintiffs"), individually and on behalf of all

others similarly situated who were employed by Defendant at any time within a three-year

period preceding the filing of this Complaint.

2.      Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201,

*et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendant's failure to pay Plaintiffs and other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Plaintiffs propose two Section 216 collectives composed of 1) hourly-paid employees; and 2) shift supervisors.

4.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      Plaintiffs' claims under the AMWA forms part of the same case or controversy and arise out of the same facts as the FLSA claim alleged in this Complaint.

7.      Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8.      The acts complained of herein were committed and had their principal effect within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

10.     The witnesses to overtime wage violations alleged in this Complaint reside in this District.

11.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

12.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.     Plaintiff Thomas is a resident and citizen of Mississippi County.

14.     Plaintiff Thomas was employed by Defendant as an hourly-paid employee from approximately October of 2013 until April of 2019.

15.     Plaintiff Williams is a resident and citizen of Poinsett County.

16.     Plaintiff Williams was employed by Defendant from approximately January of 1978 until February of 2019.

17.     During the three years prior to the filing of Plaintiffs' Original Complaint, Plaintiff Williams was classified by Defendant as an "exempt" and "salaried" employee.

18.     At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

19.     Defendant Viskase Companies, Inc., is a foreign for-profit corporation, registered and licensed to do business in the State of Arkansas.

20.     Defendant's registered agent for service of process in Arkansas is Corporation Service Company, 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

21.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the classes and collectives.

22.     Defendant is a leading supplier of plastic, cellulose, and fibrous film and packaging to the food service industry around the world.

23.     Defendant operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

24.     During the time period relevant to this case, Plaintiffs were employed at Defendant's manufacturing facility in Osceola.

25.     Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture casings for processed meats.

26.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

27.     Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiffs.

## IV. FACTUAL ALLEGATIONS

28.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

29.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Thomas worked for Defendant as an hourly-paid employee.

30.     Plaintiff Thomas and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

31.     Plaintiff Thomas and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

32.     Plaintiff Thomas and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

33.     Upon information and belief, the payroll system used by Defendant rounded hours worked by Plaintiff Thomas and other hourly-paid employees in favor of Defendant.

34.     Upon information and belief, the rounding in Defendant's time-keeping system resulted in several hours of unpaid work each month for Plaintiff Thomas and other hourly-paid employees.

35.     Plaintiff Thomas worked for Defendant at Defendant's facility in Osceola (hereinafter the "Osceola facility") and Defendant's pay practices were the same for all hourly workers at the Osceola facility.

36.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

37.     Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiff Thomas and other hourly-paid employees violated the FLSA and AMWA.

38.     Defendant's hourly-paid employees were classic manual laborers, working with machinery and equipment to produce Defendant's products in a factory setting.

39.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Williams worked for Defendant as Shift Supervisor employee.

40.     Plaintiff Williams and other Shift Supervisors regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

41.     Plaintiff Williams and other Shift Supervisors were classified by Defendants as exempt from the minimum wage and overtime provisions of the FLSA and AMWA and were purportedly paid on a salary basis.

42.     Plaintiff Williams and other Shift Supervisors recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

43.     Plaintiff Williams and all other Shift Supervisors for Defendant were misclassified by Defendants and paid an amount that did not take into account any of the hours they worked in excess of forty (40) per week.

44.     Plaintiff Williams and other Shift Supervisors never agreed that their purported salary would be sufficient to cover all hours worked.

45.     Upon commencement of work for Defendant, Plaintiff Williams and other Shift Supervisors did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

46.     In performing their services for Defendant, Plaintiff Williams and other Shift Supervisors were not required to utilize any professional education relevant to their job duties.

47.     During the course of their employment, Plaintiff Williams and other Shift Supervisors did not manage Defendant or a customarily recognized subdivision thereof.

48.     Plaintiff Williams and other Shift Supervisors did not select any employees for hire nor did they have the ability to hire and fire any employee.

49.     Plaintiff Williams and other Shift Supervisors did not have any control of or authority over any employee's rate of pay or working hours.

50.     Plaintiff Williams and other Shift Supervisors did not maintain or prepare production reports or sales records for use in supervision or control of the business.

51.     Similarly, Plaintiff Williams and other Shift Supervisors did not have any responsibility for planning or controlling budgets.

52.     Defendant did not pay Plaintiff Williams and other Shift Supervisors one and one-half times their regular rate of pay for all hours worked over forty (40) per week.

53.     Plaintiff Williams worked for Defendant at Defendant's Osceola facility and Defendant's pay practices were the same for all Shift Supervisors at the Osceola facility.

54.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

55.     Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiff Williams and other Shift Supervisors violated the FLSA and AMWA.

56.     Defendant's Shift Supervisors, including Plaintiff Williams, were classic manual laborers and production employees, working with machinery and equipment to produce Defendant's products in a factory setting.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Classes

57.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

58.    Plaintiffs brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59.    Plaintiffs propose two Section 216 collectives composed of 1) hourly-paid employees; and 2) Shift Supervisors.

60.    The relevant time period for both collectives dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

61.    Plaintiffs bring their FLSA claim on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

62.    The members of the proposed FLSA Collective of hourly-paid employees are similarly situated in that they share these traits:

A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They recorded their time in the same manner; and

D.      They were subject to Defendant's common policy of rounding time worked in Defendant's favor.

63.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective of hourly-paid employees but believe that the group exceeds 200 persons.

64.     Plaintiffs also bring their FLSA claim on behalf of all Shift Supervisors employed by Defendant at any time within the applicable statute of limitations period who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

65.     The members of the proposed FLSA Collective of Shift Supervisors are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B.      They were purportedly paid a salary;

C.      They recorded their time in the same manner; and

D.      They were not paid any compensation for their hours worked in excess of forty per week.

66.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective of Shift Supervisors but believe that the group exceeds 50 persons.

67.     Defendant can readily identify the members of the Section 16(b) Collectives. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.     AMWA Rule 23 Classes

68.     Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69.     Plaintiffs propose to represent two classes of employees who are/were employed by Defendant within the relevant time period within the State of Arkansas: 1) hourly-paid employees; and 2) Shift Supervisor employees

70.     Common questions of law and fact relate to all members of the proposed hourly class, such as whether as a result Defendant's common policy of rounding time worked in Defendant's favor, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

71.     Common questions of law and fact relate to all members of the proposed Shift Supervisor class, such as whether as a result Defendant's common policy of

classifying Shift Supervisors as exempt, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

72.    With respect to both classes, common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

73.    The class members of both classes have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

74.    Plaintiffs are unable to state the exact number of the potential members of the hourly AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

75.    Plaintiffs are unable to state the exact number of the potential members of the Shift Supervisor AMWA class but believe that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

76.    At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of either of the proposed classes concerning the allegations in this Complaint.

77.    Concentrating the litigation in this forum is highly desirable because Defendant's Osceola facility is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

78.    No difficulties are likely to be encountered in the management of this class action.

79.    The claims of Plaintiff Thomas are typical of the claims of the proposed hourly class in that Plaintiff Thomas worked as an hourly-paid employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

80.    The claims of Plaintiff Williams are typical of the claims of the proposed Shift Supervisor class in that Plaintiff Williams worked as a Shift Supervisor for Defendant and experienced the same violations of the AMWA that all other class members suffered.

81.    Plaintiffs and their counsel will fairly and adequately protect the interests of the classes.

82.    Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

83.    Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for FLSA Overtime Violations for Hourly Plaintiff)

55.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

56.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57.     During the period relevant to this lawsuit, Defendant classified Plaintiff Thomas as non-exempt from the overtime requirements of the FLSA.

58.     Despite the entitlement of Plaintiff Thomas to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff Thomas an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

59.     Defendant's failure to properly pay overtime wages to Plaintiff Thomas stems from Defendant's acts of illegally rounding hours worked by Plaintiff Thomas in Defendant's favor and not paying Plaintiff Thomas for all hours worked.

60.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Thomas for, and Plaintiff Thomas seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Thomas as provided by the FLSA, Plaintiff Thomas is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA by Hourly Plaintiff)

63.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

64.    Plaintiff Thomas brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff Thomas and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

65.    Plaintiff Thomas brings this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

66.    During the period relevant to this lawsuit, Defendant classified Plaintiff Thomas and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

67.    Despite the entitlement of Plaintiff Thomas and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff Thomas and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

68.    In the past three years, Defendant has employed hundreds of hourly-paid employees.

69.     Like Plaintiff Thomas, these hourly-paid employees regularly worked more than forty (40) hours in a week.

70.     Because these employees are similarly situated to Plaintiff Thomas, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee within the three years preceding the filing of this Complaint.**

71.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Thomas and all those similarly situated for, and Plaintiff Thomas and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Thomas and all those similarly situated as provided by the FLSA, Plaintiff Thomas and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA by Hourly Plaintiff)

74.     Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated in this section.

75.     Plaintiff Thomas asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

76.     At all relevant times, Defendant was Plaintiff Thomas' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78.    Defendant failed to pay Plaintiff Thomas all overtime wages owed, as required under the AMWA.

79.    Defendant's failure to properly pay overtime wages to Plaintiff Thomas stems from Defendant's acts of illegally rounding hours worked by Plaintiff Thomas in Defendant's favor and not paying Plaintiff for all hours worked.

80.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

81.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Thomas for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

82.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Thomas as provided by the AMWA, Plaintiff Thomas is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA by Hourly Plaintiff)

83.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

84.     Plaintiff Thomas, individually and on behalf of all other similarly situated hourly-paid workers who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

85.     At all relevant times, Defendant has been, and continues to be, the "employer" of Plaintiff Thomas and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

86.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

87.     Defendant failed to pay Plaintiff Thomas and members of the proposed class all overtime wages owed, as required under the AMWA.

88.     Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff Thomas, which may be defined as follows:

> **Each hourly-paid Arkansas employee within the three years preceding the filing of this Complaint.**

89.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

90.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff Thomas and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

91.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Thomas and members of the proposed class as provided by the AMWA, Plaintiff Thomas and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. FIFTH CLAIM FOR RELIEF

### (Individual Claim for FLSA Overtime Violations for Shift Supervisor Plaintiff)

92.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

93.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

94.    During the period relevant to this lawsuit, Defendant classified Plaintiff Williams as exempt from the overtime requirements of the FLSA.

95.    Despite the entitlement of Plaintiff Williams to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff Williams an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

96.    Defendant's failure to properly pay overtime wages to Plaintiff Williams stems from Defendant's acts of misclassifying Plaintiff Williams as exempt from the minimum wage and overtime protections of the FLSA and paying Plaintiff Williams an

amount that did not take into consideration any of Plaintiff Williams' hours worked in excess of forty per week.

97.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

98.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Williams for, and Plaintiff Williams seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

99.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Williams as provided by the FLSA, Plaintiff Thomas is entitled to an award of prejudgment interest at the applicable legal rate.

## XI. SIXTH CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA by Shift Supervisor Plaintiff)

100.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

101.    Plaintiff Williams brings this collective action on behalf of all Shift Supervisors employed by Defendant to recover monetary damages owed by Defendant to Plaintiff Williams and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

102.    Plaintiff Williams brings this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

103.    During the period relevant to this lawsuit, Defendant classified Plaintiff Williams and all similarly situated members of the FLSA collective as exempt from the

overtime requirements of the FLSA and paid them an amount that did not take into consideration all hours they worked over forty per week.

104.    Despite the entitlement of Plaintiff Williams and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff Williams and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

105.    In the past three years, Defendant has employed at least fifty Shift Supervisors.

106.    Like Plaintiff Williams, these Shift Supervisors regularly worked more than forty (40) hours in a week.

107.    Because these employees are similarly situated to Plaintiff Williams, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each Shift Supervisor within the three years preceding the filing of this Complaint.**

108.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

109.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Williams and all those similarly situated for, and Plaintiff Williams and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

110.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Williams and all those similarly situated as provided by the FLSA, Plaintiff Williams and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## XII. SEVENTH CLAIM FOR RELIEF

## (Individual Claim for Violation of the AMWA by Shift Supervisor Plaintiff)

111.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

112.    Plaintiff Williams asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

113.    At all relevant times, Defendant was Plaintiff Williams' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

114.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

115.    Defendant failed to pay Plaintiff Williams all overtime wages owed, as required under the AMWA.

116.    Defendant's failure to properly pay overtime wages to Plaintiff Williams stems from Defendant's acts of illegally misclassifying Plaintiff Williams as exempt from the minimum wage and overtime provisions of the FLSA and paying Plaintiff Williams an amount that did not take into consideration her hours worked in excess of forty per week.

117.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

118.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Williams for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least

three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

119.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Williams as provided by the AMWA, Plaintiff Williams is entitled to an award of prejudgment interest at the applicable legal rate.

## XIII. EIGHTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA by Shift Supervisor Plaintiff)

120.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

121.   Plaintiff Williams, individually and on behalf of all other similarly situated Shift Supervisors who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

122.   At all relevant times, Defendant has been, and continues to be, the "employer" of Plaintiff Williams and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

123.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

124.   Defendant failed to pay Plaintiff Williams and members of the proposed class all overtime wages owed, as required under the AMWA.

125.    Plaintiff Williams proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

**Each Arkansas Shift Supervisor within the three years preceding the filing of this Complaint.**

126.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

127.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff Williams and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

128.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Williams and members of the proposed class as provided by the AMWA, Plaintiff Williams and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XIV. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jamie Thomas and Arguster Williams respectfully pray that Defendant be summoned to appear and to answer herein as follows:

(A)    That Defendant be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B)    A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)    A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the classes and collectives during the applicable statutory period;

(H)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the classes and collectives during the applicable statutory period;

(I)    An order directing Defendant to pay Plaintiffs and members of the classes and collectives pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JAMIE THOMAS and ARGUSTER WILLAIMS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com