IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMIE THOMAS and ARGUSTER WILLIAMS,
Individually and on Behalf of all Others
Similarly Situated                                          PLAINTIFFS

v.                          No. 3:19-cv-330-DPM

VISKASE COMPANIES, INC.                                      DEFENDANT

ORDER

Viskase manufactures food packaging products. Thomas and Williams worked at the Viskase plant in Osceola. Thomas was paid hourly, and Williams was a salaried shift supervisor. They seek to conditionally certify two FLSA collectives—one for hourly paid staff and another for shift supervisors—who worked at Viskase since November 2016. Thomas says Viskase used a rounding system that led to her not being paid for all the hours she worked, including some beyond forty hours a week. Williams says that despite being salaried, she was not exempt and not paid for hours she worked over forty per week. Viskase says its rounding method complies with FLSA and Williams was exempt; and it opposes any group action.

The motion, № 6, is granted as modified. The Court conditionally certifies two groups: one for hourly paid staff, another for shift supervisors. Thomas and Williams have met the lenient applicable

standard of showing that each group's members are similarly situated to one another. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009). They've made the modest factual showing — through pleadings and affidavits — that the same kind of wage violation allegedly harmed all members of each proposed group. *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 Mar. 2013). Within each group, the employees had similar duties and were subject to uniform pay policies. Viskase refers to "two distinct decisions and policies" for the two groups, № 12 *at 9*, which supports finding that each group's members are similarly situated. Otherwise, Viskase's arguments generally go to the merits, not the similarly situated question. Exemptions and rounding, as Viskase notes, are often unexceptional. These practices, though, can also be deployed improperly. The Court therefore conditionally certifies the two groups, but only for employees at the Osceola plant. Viskase has other plants, and Thomas and Williams allege that Viskase used the same pay policies in all of them. № 1 at ¶ 23; № 5 at ¶ 23. But Thomas and Williams only worked at the Osceola plant, and their key allegations concern only that plant.

Here are the two groups:

**Group 1**  All hourly paid workers at the Osceola plant employed after 15 November 2016.

**Group 2**  All salaried shift supervisors at the Osceola plant employed after 15 November 2016.

-2-

One notice for both groups will do. The Court approves (in general) the proposed forms and overrules Viskase's objections. But please make some changes to the proposal: update the group definitions to account for the Osceola restriction; change any instance of "and/or" to "or"; delete the hyphen in "hourly-paid" every time that phrase appears; in the consent form for shift supervisors, № 6-2 at 2, change "an salaried shift supervisors" to "a salaried shift supervisor"; and delete section (11) about severance agreements. Viskase must post notice in its Osceola plant. Notice to group members by U.S. mail or text (at group counsel's election) is fine. There's no need for notice by email, too. One follow-up by postcard or text is fine. If notice is sent by mail, do not enclose the pleadings. Viskase does not have to provide email addresses, but it must provide all the other contact information by 18 February 2020. The opt-in period will close on 26 May 2020.

    So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 February 2020