## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**JAMIE THOMAS and ARGUSTER WILLIAMS,**
**Both Individually and on Behalf of All Others**
**Similarly Situated**                                  **PLAINTIFFS**

v.                              **No. 3:19-cv-330-DPM**

**VISKASE COMPANIES, INC.**                    **DEFENDANT**

### ORDER

In this wage case, the Court conditionally certified two collective actions of current and former hourly and salaried employees at Viskase's food packaging plant in Osceola.   The hourly employees (represented by Thomas) allege that Viskase's rounding system resulted in unpaid overtime.   Fifty-seven people have opted in.   The salaried shift supervisors (represented by Williams) allege they were misclassified as exempt executives.   One person has opted in.   Viskase seeks summary judgment on Williams's individual overtime claims and to decertify both collectives.   Thomas and Williams don't oppose decertification of the salaried collective.

  1.   **Summary Judgment.**   Viskase argues there is no genuine dispute that Williams satisfies all four elements of the FLSA's executive exemption, 29 U.S.C. § 213(a)(1) & 29 C.F.R. § 541.100(a)(1)–(4).   The parties agree that Williams satisfies the first three elements.   The

contested issue is the fourth element: whether Williams's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [at Viskase] [were] given particular weight." 29 C.F.R. § 541.100(a)(4).

There's a regulation on point.

> To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

29 C.F.R. § 541.105. The leading circuit precedent is *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881 (8th Cir. 2016) and *Madden v. Lumber One Home Center, Inc.*, 745 F.3d 899 (8th Cir. 2014).

Based on the undisputed facts, and viewing the evidence in the light most favorable to Williams, *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019), Viskase has not demonstrated that Williams satisfies the

fourth element of the executive exemption as a matter of law. During Williams's last few years at Viskase, she was the shift supervisor for the CEDA—the chemical, extrusion, drying area—at the Osceola plant. According to her job description, she had "Essential Responsibilities/Duties." *Doc. 65-2 at 2.* Among them was to "Participate with the Assistant CEDA Manager in interviewing and hiring new CEDA employees." *Ibid.* Williams participated in interviews approximately once a month, but only when she needed to fill in for upper management. Williams testified on deposition that, after those interviews, she made a hire/no-hire recommendation to the manager; sometimes her recommendation was followed, sometimes not. In response to a plant-wide call for suggested hires, Williams recommended her niece and nephew, and they were hired. Both started in different departments, though Williams's nephew eventually transferred to her department.

It's clear that Williams was involved in personnel decisions. And at least two people—Williams's niece and nephew—were hired based partly on her recommendations. But there's nothing in the record showing that Viskase management gave her input particular weight. *Madden*, 745 F.3d at 908; *see also Johnson v. Derhaag Motor Sports, Inc.*, 2014 WL 5817004, at *16 (D. Minn. 10 Nov. 2014). What's missing is proof from the company's side that Williams's recommendations really mattered. There is, for example, no evidence that a thumbs down from

Williams meant no offer. *Compare Madden*, 745 F.3d at 906. While the hiring of some folks she endorsed is consistent with Viskase giving her view particular weight, the record as a whole is too mixed for the Court to conclude that the executive exemption applies as a matter of law. Viskase has not carried its burden of proof, *Fife v. Harmon*, 171 F.3d 1173, 1174 (8th Cir. 1999), though this exemption issue can be revisited at trial.

2. **Decertification.** Williams and Thomas agree with decertification of the salaried collective and request that opt-in Garnett be added as a named plaintiff. Viskase is silent about this request. The Court decertifies the salaried collective for lack of interest. And Garnett will be joined as a party.

The hourly collective may continue only if the employees are similarly situated. And that depends on the facts surrounding the employees' claims, Viskase's available defenses, and whether a group trial would be fair and manageable. *Douglas v. First Student, Inc.*, 888 F. Supp. 2d 929, 933 (E.D. Ark. 2012). The Court now has more information than it did at the conditional certification stage. The foundational facts of these employees' claims are Viskase's two rounding rules. They applied to all hourly employees. They're undisputed.

Under the first rule, Viskase automatically subtracts up to twelve minutes of time for any employee who clocks in early. For example, if

employee Jane Doe clocks in at 6:50 a.m., Viskase rounds her time up ten minutes and records the start time as 7:00 a.m.  Viskase then adds the same time back at the end of the shift.  Doe would get ten minutes from the time she stops working to clock out—and she would be paid for this non-working time.  According to Viskase, this rounding rule "allows employees to avoid late start times and attendance violations for tardiness."  *Doc. 12-1 at ¶ 4.*  Viskase maintains that hourly employees are not expected to "actually begin working until the start of the shift time."  *Ibid.*  And the supervisor may override the first rounding rule for any employee who works beyond their scheduled shift.

Under the second rounding rule, Viskase rounds time clock entries in six-minute increments for any employee who clocks in less than twelve minutes after their scheduled start time.  The company does the same thing for any employee who clocks out more than twelve minutes after their scheduled end time. *Doc. 12-1 at ¶ 5.* For example, if Doe clocks in at 7:02 a.m., Viskase rounds the time back and records the start time as 7:00 a.m.  But if Doe clocks in at 7:04 a.m., Viskase rounds the up and records the start time as 7:06 a.m.

The Court is unpersuaded that this rounding case has disintegrated into one involving many differing kinds of claims—a wilderness of instances.  Thomas has disavowed any group claim other than one based on the two rounding rules.  *Doc. 68 at 3.*  While the

employees who were deposed testified about various wage-related problems, any claim based on those problems is beyond this case. As Viskase's helpful chart of the group members' responses to Interrogatory No. 1 makes clear, at least fourteen employees have indicated that the rounding rules have cost them pay. *Doc. 67-11*. The company's time clock records, for all the employees, are the core of the group's case. For example, opt-in Mary Alexander's records, *Doc. 68-1*, show the rounding rules in action, and support the group claim.

Viskase is correct, however, that Thomas herself focused on other time disputes in her interrogatory response and at her deposition. As best the Court can tell, Thomas doesn't press a rounding claim. The collective probably needs a new group representative. Therefore, the hourly employees must either move to substitute or establish that Thomas remains adequate.

Viskase also urges decertification because there's no uniform evidence about work actually performed during the rounded time. Whether, in general, the employees worked during rounded time can be established with representative proof. How much time each employee worked goes to damages, not liability. Individual damage calculations are permissible if they don't overwhelm questions common to the collective. *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 798 (8th Cir. 2014), *aff'd and remanded*, 136 S. Ct. 1036 (2016); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). That's the situation here.

–6–

The group can make its case with the timesheets and representative evidence from employees such as Eric Greene, an opt-in. He explained the layout of this big plant and approximately how long it takes to get from the time clock to each area. If possible, the group should offer testimony from employees who worked in all the various areas. A drawing or diagram of the plant would also help the Court.

The available defenses don't necessitate individual trials either. Viskase's arguments against liability include:

- The hourly employees' activities between clocking in and starting work aren't compensable under the Portal to Portal Act, 29 U.S.C. 254(a) & 29 C.F.R. § 790.7;

- The hourly employees' unpaid time may be disregarded as *de minimis* under 29 C.F.R. § 785.47; and

- Viskase's rounding and time clock practices are permissible under 29 C.F.R. § 785.48.

These defenses are generic. If they do require some individualized testimony, Viskase can offer it. And the Court can consider any argument for judgment as a matter of law based on these defenses after the parties present their evidence at trial.

Last, trying these rounding claims together makes sense. Thorough discovery is complete. The undisputed policies and the timesheets are the core. Given the similarities among the hourly employees' experiences with rounding, efficiency weighs in favor of

final certification.  The law requires similarity, not identity, in material circumstances.  *Douglas*, 888 F. Supp. 2d at 933.

*   *   *

Motion for summary judgment, *Doc. 63*, denied.  Motion to decertify, *Doc. 66*, partly granted and partly denied.  The salaried collective is decertified.  The Court directs the Clerk to add Sean Garnett as a named plaintiff.  The hourly collective is certified without conditions.  Motion to substitute a new representative, or explanation about why Thomas remains a solid one, due by 12 November 2020.  An Amended Final Scheduling Order will issue.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

30 October 2020