IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| JAMIE THOMAS and ARGUSTER WILLIAMS, Individually and on Behalf of All Others Similarly Situated; and SEAN GARNETT | PLAINTIFFS |
| v.    No. 3:19-cv-330-DPM | |
| VISKASE COMPANIES, INC. | DEFENDANT |
| JAMIE THOMAS | PLAINTIFF |
| v.    No. 3:19-cv-371-DPM | |
| VISKASE COMPANIES, INC. | DEFENDANT |

ORDER

1. Jamie Thomas is a plaintiff in these two cases against Viskase Companies, her former employer. No. 330 is a FLSA dispute and, in that case, Thomas has counsel. In No. 371, Thomas alone alleges various civil rights violations, and she is *pro se*. All the plaintiffs, including Thomas, settled their claims in the FLSA case. Viskase seeks summary judgment on the merits in the civil rights case, plus argues that the settlement in the FLSA case embraces Thomas's civil rights claims in the second case. Thomas disagrees with that proposition and seeks a trial on the various civil rights issues.

**2.** Thomas worked as a machine operator at Viskase's Osceola, Arkansas facility for roughly six years. During 2018 and 2019, Thomas took extended leaves from work; this time included some thirty seven weeks of Family Medical Leave Act leave. A few days after she returned to work in March of 2019, Thomas and one of her co-workers, Javion McGehee, had a water fight on the facility manufacturing floor. Viskase investigated, concluded the water fight was prohibited horseplay, and fired Thomas and McGehee.

Viskase maintains that Thomas was fired for violating its rule against horseplay. Thomas disagrees. She contends Viskase unlawfully ended her employment and brings six claims against her former employer: race discrimination, 29 U.S.C. § 1981; Title VII sex discrimination, 42 U.S.C. § 2000(e); ADA disability discrimination, 42 U.S.C. § 12101; FMLA discrimination, 29 U.S.C. § 2615(a)(2); FMLA retaliation, 29 U.S.C. § 2615(a)(2) & (b); and FMLA entitlement, 29 U.S.C. § 2615(a)(1). Many of the material facts are undisputed. But, where there is some genuine dispute, the Court takes the record in Thomas's favor. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

**3.** The parties agree that there is no direct evidence of discrimination. So the Court will apply the familiar *McDonnell Douglas* burden-shifting framework. *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012). The Court assumes Thomas has made her *prima facie* case. Viskase, however, has articulated a

-2-

legitimate non-discriminatory reason for firing Thomas: horseplay on the plant floor. Thomas agreed to follow Viskase's rules, acknowledged that horseplay was prohibited by those rules, and agreed that her water fight with McGehee was horseplay. Thomas's race and gender discrimination claims therefore come down to whether she can show that Viskase's reason for firing her was a pretext for discrimination. *Schaffhauser v. United Parcel Service, Inc.*, 794 F.3d 899, 904 (8th Cir. 2015).

Thomas, a black female, must show that Viskase treated similarly situated white or male employees differently. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874-75 (8th Cir. 2010). She has not. She acknowledges that Viskase has fired both white employees and male employees for violating its rules. For example, the other water fight participant, McGehee, was a black male. He was also fired. While he and Thomas were both black, the undisputed record shows similar discipline of white employees. For example, Thomas testified that Viskase fired Mike Easton for fighting, a violation of the same rule that prohibits horseplay. Easton is white. Under these circumstances, no reasonable juror could find Thomas lost her job because of her race or gender.

Next, Thomas claims disability discrimination. Again, the Court assumes Thomas has made a *prima facie* case; and Viskase has provided a legitimate, non-discriminatory reason for ending her employment.

-3-

Her disability-related claim also comes down to pretext and also falls short. Viskase maintains that it fired Thomas because she failed to follow company rules, as it said when it let her go. It is likewise undisputed that that Thomas's doctor released her to return to work without any limitations or accommodations. On these facts, no reasonable jury could find she was fired based on her disability. Thomas's disability discrimination claim therefore fails as a matter of law.

Thomas has one more discrimination claim, which is based on her having taken the thirty seven weeks of FMLA leave during the six years she worked at Viskase. The Court assumes she has made a *prima facie* case. Again, Viskase's reason for firing Thomas was facially legitimate and non-discriminatory. Like her other discrimination claims, this claim comes down to pretext. Viskase also fired McGehee for violating its rule against horseplay. And McGehee had no history of FMLA leave. On those undisputed facts, there's no jury issue on pretext. Thomas's FMLA discrimination claim fails as a matter of law.

4. Thomas's FMLA retaliation claim fails at the threshold on the undisputed facts. To make a *prima facie* case for retaliation under the FMLA, Thomas must show three things: she engaged in a protected activity; Viskase took an adverse employment action against her; and a causal connection existed between the protected activity and the adverse action. *Amir v. St. Louis University*, 184 F.3d 1017, 1025

(8th Cir. 1999). While Thomas easily satisfies the first two requirements, she has not offered sufficient proof of causation to create a jury question. It's true that Viskase ended Thomas's employment only a few days after she returned from FMLA leave. But, in general, more than close timing between the protected conduct and the adverse employment action is required to create a genuine factual issue on a retaliation claim. *Lors v. Dean*, 746 F.3d 857, 865-66 (8th Cir. 2014). Thomas lost her job because she broke company rules. Asserting FMLA rights does not insulate an employee from discipline for violating her employer's policies. *Estrada v. Cypress Semiconductor (Minnesota) Inc.*, 616 F.3d 866, 871 (8th Cir. 2010). No reasonable juror could look at these facts and find that Viskase had retaliatory motives.

    **5.** Thomas's FMLA entitlement claim also fails as a matter of law. This kind of claim arises when an employer denies, restrains, or interferes with an employee's attempted exercise of FMLA rights. *Hager v. Arkansas Department of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013). Thomas does not dispute that, when she requested FMLA leave, Viskase granted it. She acknowledges that, in the year before she was fired, Viskase allowed her to take more than twelve weeks of FMLA leave. No reasonable juror could find on these facts Viskase denied, restrained, or interfered with Thomas's FMLA rights. The company respected those rights. Viskase is entitled to summary judgment on Thomas's entitlement claim.

6. The Court's decision on the merits in Thomas's civil rights case moots the parties' dispute in the FLSA case about whether their settlement embraced Thomas's claims in her individual case. The parties' draft agreement in No. 330 should therefore be revised along the following lines and then executed. The opening paragraph of section 7 is fine: it reflects what happened in the settlement conference before Magistrate Judge Deere. The last sentence of section 7 should be revised to state that the parties disagreed about whether the settlement covered Thomas's civil rights claims in No. 371, but the Court decided that case on the merits without resolving that disagreement. The Court would appreciate a motion to approve the deal in No. 330 supported by all the finalized papers, and information about any separate agreement on attorney's fees, by 5 November 2021.

* * *

In No. 371, Viskase's motion for summary judgment, *Doc. 42*, is granted. And its motion in limine, *Doc. 54*, is denied without prejudice as moot. In No. 330, Viskase's motion to enforce the settlement, *Doc. 93*, is denied as moot.

-7-

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 October 2021