# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**JAMIE THOMAS and ARGUSTER WILLIAMS,**
**Both Individually and on Behalf of All Others**
**Similarly Situated; and SEAN GARNETT**                **PLAINTIFFS**

v.                         **No. 3:19-cv-330-DPM**

**VISKASE COMPANIES, INC.**                    **DEFENDANT**

## ORDER

1.      This case was litigated hard on almost all issues for nearly two and a half years.  There were some complexities presented by the rounding rules and the two groups of plaintiffs.  The parties settled the liability issues, *Doc. 106,* and all that remains is a dispute about attorney's fees and costs.  Plaintiffs' counsel spent 367.15 hours on this case, which has generated a request for $74,988.95 in fees and $3,357.98 in costs.  Viskase estimates that a $29,000 award is more reasonable. The Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and then make any appropriate reductions. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010).

2.      The Court agrees with Viskase that the proposed hourly rates are too high across the board for this kind of work in this District. The Court will make the appropriate reductions.  The reductions are

based on the Court's experience with current market rates in all kinds of cases.  The Court awards fees for these listed hours and rates:

| | | | | | | | |
|---|---|---|---|---|---|---|---:|
| Josh Sanford | – | 19.65 hours | x | $250/hour | = | | $4,912.50 |
| Vanessa Kinney | – | 52.50 hours | x | $200/hour | = | | $10,500.00 |
| Steve Rauls | – | 14.80 hours | x | $175/hour | = | | $2,590.00 |
| Sean Short | – | 188.50 hours | x | $150/hour | = | | $28,275.00 |
| Samuel Brown | – | 12.50 hours | x | $100/hour | = | | $1,250 |
| Paralegal | – | 49.50 hours | x | $75/hour | = | | $3,712.50 |
| Law Clerk | – | 29.70 hours | x | $25/hour | = | | <u>$742.50</u> |

**$51,892.50**

**3.**     The Court appreciates counsel's self-audit and voluntary time reductions.  The Court is not persuaded by Viskase's argument that counsel's decision not to provide documentation about the self-deducted time justifies ignoring that salutary effort.  There is still, however, more to be trimmed.

The 16.75 hours Short billed for the time he spent traveling throughout Arkansas to attend virtual depositions will not be shifted onto Viskase.  Most paying clients are willing to go to their lawyer to avoid paying additional fees for time spent traveling.  The Court will therefore deduct $2,512.50 from the lodestar amount.

A further across the board 25% reduction is reasonable to account for overstaffing, duplicated effort, and inefficiencies.  Five lawyers, a law clerk, and a paralegal are excessive for this case.  Too much time

was spent on intra-office conferences, meetings, calls, and emails. Clients don't pay extra for staff work or excessive oversight, so fees for these types of matters will not be awarded.

All material things considered, the Court awards $37,035.00 as the reasonable attorney's fee for the work in this case. *Hensley*, 461 U.S. at 434–37.

**4.** The Court also awards a reduced amount in costs. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920. The filing fee and copy costs are recoverable, 28 U.S.C. § 1920(1) & (4). So is the $145 cost to find correct addresses. The postage and the private service fee, however, aren't recoverable as costs. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Neither is travel for deposing counsel's clients. But, paying clients are routinely billed for postage and private service. Those expenses — $661.55 — will therefore be added to the fee.

Here's the summary:

Attorney Fees.........................$37,696.55

Costs.....................................$1,231.90

Total.....................................$38,928.45

**5.** A final point: the Court notes that it reserved jurisdiction to enforce the parties' settlement and resolve any attorney's fee issues expired on 4 April 2022. *Doc. 108*. The latter reservation was unnecessary and mistaken. The Court always has jurisdiction over fee

issues post-judgment because they're a collateral matter. *Iowa v. Union Asphalt & Roadoils, Inc.*, 409 F.2d 1239, 1243 (8th Cir. 1969).

\* \* \*

Plaintiff's motion for fees and costs, *Doc. 109*, is mostly granted and partly denied.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

_10 May 2022_